**Michael W. DAVIDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF MILITARY AFFAIRS, Appellee.**

No. 2003–CA–000615–MR.

Court of Appeals of Kentucky.

Oct. 22, 2004.

---

**16.** *Jackson v. General Refractories Co.,* Ky., 581 S.W.2d 10, 11 (1979).

Michael W. Davidson, Louisville, pro se.

Donald L. Cox, Mary Janice Lintner, Louisville, for appellee.

Before MINTON, SCHRODER, and TAYLOR, Judges.

*OPINION*

MINTON, Judge.

Kentucky's Whistleblower Act[1] protects state employees from reprisal for report-

ing actual or suspected agency violations of the law. Michael W. Davidson, an employee in the state's Department of Military Affairs, contended in the circuit court that the agency asked him to resign and initiated an investigation into allegations of misconduct and conflicts of interest to punish him for reporting violations of state law by the Kentucky Cabinet for Natural Resources and Environmental Protection (NREPC) in pending litigation he had against that agency. Specifically, Davidson alleged below that his disclosure that NREPC's hearing procedures violate state law cost him his job. On appeal, he contends that the circuit court misunderstood his disclosure: he actually disclosed to the circuit court the retaliatory personnel action by Military Affairs against him. We hold that the circuit court did not misunderstand the claimed disclosure. We further hold that Davidson's disclosure, even if true, is not protected by the whistleblower statute because it was already publicly known information.

*FACTUAL BACKGROUND AND PROCEEDINGS IN CIRCUIT COURT*

Davidson is an officer of the Wind River Energy Corporation. On multiple occasions since 1995, NREPC has cited Wind River and Davidson for violating Kentucky's mining laws. In response, Wind River has filed a series of civil actions[2] in Franklin Circuit Court asserting that the hearing procedures for Natural Resources constitute an abuse of authority and violate state law. In 1999, NREPC filed suit in Franklin Circuit Court to have its citations against Davidson and Wind River enforced.[3] When the circuit court entered

---

1. Kentucky Revised Statutes (KRS) 61.102.

2. Appellee's Brief at 8 n. 4 (setting forth names and case numbers of these civil actions).

3. *Id.*

summary judgment in the instant case, some of the Wind River/NREPC suits were still pending.

In 1998, Davidson took leave from his state employment at Military Affairs for active military duty with the United States Army. On August 1, 2001, he resumed state employment with Military Affairs in the Office of the Adjutant General.[4] One of Davidson's job duties was to serve as a liaison with the Governor's Office. On or about August 1, 2001, Davidson told Adjutant General John R. Groves that he wanted to speak to Andrew "Skipper" Martin, the Governor's Chief of Staff, to see if Martin could "get Bickford off [Davidson's] back." James Bickford was then the Secretary of NREPC. Davidson does not deny making this statement but denies that he expressed any intent to use his position to obtain political influence from the Governor's Office to intervene in his dispute with NREPC. On August 6, 2001, Davidson was called to a meeting with Groves and Daniel F. Egbers, General Counsel of the Personnel Cabinet, and was asked to consider resigning because of his ongoing legal dispute with NREPC. Two days later, he was placed on paid leave pending an investigation of allegations of misconduct and conflicts of interest.

On September 26, 2001, Davidson moved to file an amended answer in the enforcement action filed by NREPC, adding a counterclaim alleging a violation of the whistleblower statute. Davidson alleged that Military Affairs had asked him to resign and had initiated an investigation into baseless allegations of misconduct and conflicts of interest to punish him for reporting actual or suspected violations of state law in his litigation against NREPC and to discourage him from such reporting. The circuit court denied Davidson's motion to add this counterclaim.

Egbers wrote a confidential memorandum[5] summarizing the findings of his investigation as follows: (1) Davidson "acted inappropriately" by stating his intent to have the Governor's Chief of Staff intervene in his dispute with NREPC; (2) Davidson's part-time employment with a company which is pre-approved and eligible for some Kentucky contracts creates the real potential for a conflict of interest; (3) Davidson was evasive in response to the questions posed during the course of the investigation; and (4) Davidson made "frivolous allegations" of an alleged whistleblower violation in the counterclaim against NREPC. Egbers concluded that these facts called into question whether Davidson possessed the judgment and integrity required by his position as liaison to the Governor's Office. He recommended that Davidson be reassigned to a position within Military Affairs of equal grade and pay that required less judgment. Davidson rejects both the findings and conclusions of this investigation. On October 16, 2001, Adjutant General D. Allen Youngman[6] informed Davidson that he would be reassigned to the Kentucky Commission on Military Affairs.

On October 24, 2001, Davidson sent a draft of the complaint in the instant action, which had not yet been filed, to the Office of the Governor and to Youngman. The allegations of whistleblower statute viola-

---

4. Both parties agree that Davidson was entitled to reemployment rights following his military leave under state and federal law. *See* 38 USC §§ 4311, *et seq.;* KRS 61.371–61.379; 101 KAR 1:395.

5. This report is undated, but the context of the report indicates that it was written between September 26, 2001, and October 15, 2001.

6. Adjutant General Youngman replaced Adjutant General Groves.

tions in the draft complaint were identical to those made in the earlier proposed counterclaim against NREPC with the exception that the defendant was changed from NREPC to Military Affairs. Egbers responded to the draft complaint with a letter to Davidson four days later stating that the complaint lacked merit and that the Commonwealth would defend itself vigorously, including seeking sanctions under CR[7] 11 if Davidson filed the complaint. On November 5, 2001, Davidson filed the complaint in Franklin Circuit Court and resigned. Military Affairs filed a motion for summary judgment, and Davidson filed a motion for partial summary judgment on the issue of liability. The circuit court's Opinion and Order granted summary judgment for Military Affairs and denied summary judgment to Davidson. This appeal followed.

## OUR REVIEW OF THIS CASE IS DE NOVO

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[8] The standard of review on appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law."[9] The record must be viewed in the light most favorable to the party opposing the motion, and any doubts

are to be resolved in his favor.[10] Because factual findings are not at issue, we do not need to defer to the trial court.[11] Also, we may affirm the trial court for any reason supported by the record.[12]

In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.[13] The employee must show by a preponderance of evidence that "the disclosure was a contributing factor in the personnel action."[14] The burden of proof is then on the state employer "to prove by clear and convincing evidence that the disclosure was not a material fact in the personnel action."[15]

The circuit court held that Davidson could not establish a violation of KRS 61.102 for the following reasons: (1) filing a lawsuit is not a means of making a protected disclosure under the whistleblower statute; (2) Davidson had an ulterior motive for making a disclosure; (3) Davidson did not disclose the type of information which the statute was designed to protect; and (4) Military Affairs did not

7. Kentucky Rules of Civil Procedure.

8. Kentucky Rules of Civil Procedure (CR) 56.03.

9. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996).

10. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991).

11. *Id.*

12. *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, Ky.App., 814 S.W.2d 928, 930 (1991).

13. *Woodward v. Commonwealth*, Ky., 984 S.W.2d 477, 480–81 (1998).

14. KRS 61.103(3). "Contributing factor" is further defined in KRS 61.103(1)(b).

15. KRS 61.103(3).

take any action to discourage Davidson from making a disclosure or to punish him from doing so. Davidson claims that the circuit court erred in reaching each of these conclusions partly because it misidentified the disclosure upon which Davidson relies. This alleged misidentification is connected to Davidson's assertion that the circuit court dismissed one claim in his suit without consideration. Indeed, he asserts that the circuit court erred by not granting his motion for partial summary judgment based on this claim. Finally, Davidson asserts that this court should set aside the summary judgment in favor of Military Affairs because it ultimately resulted in the dismissal of his case before the Personnel Board.

## THE CIRCUIT COURT DID NOT MISIDENTIFY THE DISCLOSURE

Davidson alleges that the circuit court misidentified the relevant disclosure or disclosures upon which he bases his whistleblower claim as the allegations raised in the numerous Wind River lawsuits [16] that the hearing procedures of Natural Resources are an abuse of discretion and violate state law. Davidson asserts that the protected report was actually the counterclaim that he filed in the Natural Resources enforcement action in which he alleged retaliation by Military Affairs based on his litigation against Natural Re-

sources. CR 8.06 states that "[a]ll pleadings shall be construed so as to do substantial justice." Kentucky's highest court has stated, the principal objective of a pleading is to give fair notice to the opposing party of the essential nature of the claim.[17] Nothing in Davidson's complaint gives fair notice of the allegation that he now raises that his protected disclosure was the filing of the counterclaim. Instead, it is clear that his whistleblowing claim is based solely on the theory of retaliation by Military Affairs for his reporting the wrongdoing of NREPC in his litigation against that agency.[18]

■ Davidson's assertion that his complaint states a claim for retaliation based on his disclosure of an earlier whistleblowing violation by Military Affairs which he revealed in the counterclaim does not hold up. The retaliatory personnel actions which Davidson alleges Military Affairs took are the same in the instant complaint as in the counterclaim filed in the NREPC case: requesting his resignation and instituting an investigation of him. The same personnel actions that are the basis for his counterclaim cannot then be the basis for new alleged retaliation for filing the counterclaim. We find no error in the circuit court's interpretation of the complaint, including its identification of the relevant report or disclosure upon which Davidson's claims of retaliation are based.

---

16. This issue was raised both in the suits filed by Wind River against Natural Resources and in those filed by Natural Resources against Wind River and Davidson.

17. *Lee v. Stamper*, Ky., 300 S.W.2d 251, 253 (1957).

18. Plaintiff's Compl. at ¶ 1. ("[Military Affairs] has threatened to take and has taken adverse personnel actions against the Plaintiff for bringing to the attention of Franklin Circuit Court violations of state law and abuse of

authority by the Cabinet for Natural Resources and Environmental Protection."); *id.* at ¶ 2 ("Groves and Egbers requested Plaintiff's resignation as a state employee based, as a contributing factor, on pending litigation with the Cabinet for Natural Resources and Environmental Protection."); *id.* at ¶ 3 ("On August 8, 2001, the Defendant initiated an investigation into 'allegations of misconduct and conflicts of interest' based, as a contributing factor, on the Plaintiff's litigation with the Cabinet for Natural Resources and Environmental Protection.")

## THE CIRCUIT COURT DID NOT OVERLOOK THE CR 11 THREAT

■ Davidson now asserts that Egbers's threat to file CR 11 sanctions was an attempt to dissuade him from filing this suit and, hence, a personnel action prohibited by the whistleblower statute. Even if this were true, it does not help Davidson in this appeal as he did not raise this issue in his complaint. Contrary to Davidson's assertions, the inclusion of the vague phrase that Military Affairs "has acted in such a way as to discourage" reporting actual and suspected violations of state law and abuse of authority [19] is not sufficient to give fair notice to Military Affairs that Davidson considered Egbers's mention of CR 11 sanctions to be a personnel action violating KRS 61.102.[20]

Davidson asserts that the circuit court dismissed without consideration that portion of his complaint that alleged that Egbers's threat to file CR 11 sanctions was an attempt to dissuade him from filing this action and, hence, from reporting a violation of state law. Since we find that Davidson's complaint raised no such claim, this argument is without merit.

## DAVIDSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Davidson asserts that the circuit court erred by not granting his motion for partial summary judgment on the issue of liability "as to the threatened use of official action to dissuade the pursuing of this whistleblower disclosure and claim." Davidson identifies the "official action" as

Egbers's threat, in response to the draft complaint, to file CR 11 sanctions if Davidson filed this action. As previously noted, however, Davidson did not raise this claim in his complaint. He may not escape summary judgment by raising allegations which he might have made in his complaint but did not. We find no error in the circuit court's denial of Davidson's motion for partial summary judgment.

## PROTECTED DISCLOSURES MAY BE MADE IN THE COURSE OF LITIGATION

The circuit court based its summary judgment, in part, on the fact that Davidson's allegations against the hearing procedures of NREPC were made by filing a series of civil actions against the agency. The court stated, "[i]n *Boykins v. Housing Authority of Louisville*, Ky., 842 S.W.2d 527 (1992), the Kentucky Supreme Court declined to include the filing of a lawsuit within the parameters of a 'disclosure' under the Whistleblower statute."

■ *Boykins* concerned an employee of the Housing Authority of Louisville (HAL) who was fired after she filed a negligence suit against HAL concerning injuries that her infant son suffered in an apartment owned, operated, and managed by HAL.[21] The Kentucky Supreme Court stated that KRS 61.102 was intended "to protect employees from reprisal for the disclosure of violations of the law." [22] Contrary to the circuit court's interpretation in the instant case, however, *Boykins* did not establish a *per se* rule that a statement made in plead-

---

19. *Id.* at ¶ 9.

20. We note, without deciding this matter, that there is some question whether a threat to file CR 11 sanctions could constitute a "personnel action" within the meaning of the Kentucky whistleblower statute. *See* KRS 61.103(3). "Personnel action" seems to suggest an ac-

tion with consequences within the scope of employment, not in the separate realm of the courtroom.

21. 842 S.W.2d at 528.

22. *Id.* at 529.

ings or in the course of litigation could never be a protected report or disclosure under the statute. Indeed, "the judiciary or any member of the judiciary" are specifically included in KRS 61.102 as appropriate persons to whom to make a protected report. The Kentucky Supreme Court held that Boykins was not protected by the whistleblower statute simply because she did not report or disclose information which fell within the parameters of the statute.[23] KRS 61.102 protects reports of the following:

> any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

The Kentucky Supreme Court stated, "[t]he gravamen of [Boykins's] suit was not intended as a report of information regarding any alleged mismanagement or endangerment of public health and safety by HAL, but was rather a simple negligence action."[24] A report of simple negligence is not listed among the types of information protected by the statute. Hence, Boykins was not protected by the whistleblower statute.

In contrast, Davidson alleged that the hearing procedures of NREPC constitute an abuse of authority and violate state law, both of which are included among the types of disclosures protected by KRS 61.102. To the extent that the circuit court based its summary judgment on the belief that *Boykins* categorically excludes persons making a disclosure in the course of litigation from protection under the whistleblower statute, it erred.

## BOYKINS DOES NOT ADDRESS EMPLOYEES' POSSIBLE ULTERIOR MOTIVE

The summary judgment also seems to be based, in part, on the circuit court's conclusion that Davidson had an ulterior motive for making his disclosure about NREPC. The court noted that Davidson's litigation was filed in the shadow of citations made by the agency against him and Wind River. Echoing the language of *Boykins*, the court stated that "the gravamen" of Davidson's allegation against NREPC "was to invalidate the fines being levied against him." The circuit court cites *Boykins* as authority for the proposition that an employee's subjective motivation for making a disclosure is relevant to whether it is protected by the whistleblower statute.

Some states do require that an employee's disclosure be motivated purely by a sincere desire to expose the illegality rather than any self-serving interest before it is entitled to whistleblower protection.[25] However, we do not read *Boykins* as expressing any position on this issue. In-

23. *Id.*

24. *Id.*

25. *See, e.g., Parsells v. Manhattan Radiology Group, L.L.P.,* 255 F.Supp.2d 1217, 1236 (D.Kan.2003) (holding that Kansas's common law tort of retaliatory discharge requires that "the 'whistle-blowing' must have been done out of a good faith concern over the wrongful activity reported rather than a[sic] from a corrupt motive such as malice, spite, jealousy or personal gain"); *Obst v. Microtron, Inc.,* 614 N.W.2d 196, 202 (Minn.2000) (interpreting Minnesota's whistleblower statute, Minn. Stat. Ann. § 181.932(1)(a), to require an examination not only into the contents of the report but also into why the employee made the report).

deed, we do not find that the Kentucky courts have ever addressed whether an employee's motivation for making a report is relevant under KRS 61.102. Since we affirm the circuit court's granting of summary judgment on other grounds, we decline to address this issue now.

### REPORT OF PUBLICLY KNOWN INFORMATION IS NOT PROTECTED DISCLOSURE

■ The circuit court also held that Davidson's actions were not within the scope of the whistleblower statute because he did not disclose the type of information which is protected by the statute. The Kentucky courts have not specifically addressed what constitutes a "report" within the meaning of KRS 61.102. However, the Kentucky Supreme Court has stated that KRS 61.102 is "similar in almost every respect" to the federal whistleblower statute.[26] So we may look to federal precedent for guidance on this issue.

In *Meuwissen v. Department of Interior*, the United States Federal Court of Appeals, Federal Circuit, held that "[a] disclosure of information that is publicly known is not a disclosure" within the meaning of the federal Whistleblower Protection Act.[27] Meuwissen was an administrative law judge within the Department of Interior who was assigned a case which required him to interpret a provision of a federal act. The statutory provision had previously been interpreted in a case by Meuwissen's predecessor, with that interpretation subsequently being upheld as constitutional by the 8th Circuit Court of Appeals. Meuwissen informed his superi-

or that he did not intend to follow the precedent because he found the earlier case's interpretation of the act contrary to its purpose and erroneous. He then issued an opinion overturning the previous interpretation of the act. He was fired. He claimed that he was fired for whistleblowing. The court held that he was not protected by the federal whistleblower statute because he did not disclose any information which was not already known. The court stated, "[t]he purpose of the WPA is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information."[28] The court found that the conduct which Meuwissen purported to disclose, the agency's interpretation of the act, was already well-known as it had been the subject of two previous decisions.[29]

The instant case presents a similar situation. Davidson reported to the Franklin Circuit Court, on several occasions, that the hearing procedures for NREPC are an abuse of authority and violate state law. However, he did not report anything about these procedures which was not already known, such as secretive agency procedures. These hearing procedures are set forth in statutes and administrative regulations. Regardless of the merits of Davidson's allegations against NREPC, we concur with the circuit court that his allegations against the agency do not constitute a report or disclosure that is protected by the whistleblower statute. Since Davidson cannot meet an element essential to establishing his whistleblower claim, the

---

**26.** *Commonwealth Dept. of Agriculture v. Vinson*, Ky., 30 S.W.3d 162, 169 (2000).

**27.** 234 F.3d 9, 13 (2000).

**28.** *Meuwissen*, 234 F.3d at 13.

**29.** *Id.* at 12–13. *See also*, *Obst*, 614 N.W.2d at 203 (holding that an employee's revelation of information that was "openly known and acknowledged" could not be a good faith report under the applicable Michigan whistleblower statute).

circuit court properly granted summary judgment in favor of Military Affairs.

### APPROPRIATENESS OF REASSIGNMENT NOT PROPER GROUNDS

■ As a third reason for granting summary judgment to Military Affairs, the circuit court stated that Military Affairs's "decision to reassign the Plaintiff was not 'retaliation.'" The court stated that Davidson's position required good judgment; and, based on the investigation and Egbers's appraisal, Military Affairs believed that Davidson could not effectively serve as a liaison to the Governor's Office. Citing a federal case [30] for the proposition that mere critical appraisal of an employee by a supervisor is not a whistleblower violation, the court concluded that Military Affairs did not violate KRS 61.102 by reassigning Davidson. This is not a conclusion which the court may reach at the summary judgment stage. Davidson asserts that the investigation was itself retaliation for whistleblowing because it was baseless and was designed just to punish him. Moreover, he disputes the findings of the investigation. Clearly, there are genuine issues of material fact regarding this matter. Thus, basing summary judgment on the ground that Davidson's reassignment was allegedly justified by Egbers's investigation was error.

### DISMISSAL OF CASE BEFORE PERSONNEL BOARD

■ Davidson also asserts that this Court should overturn the circuit court's summary judgment because the Personnel Board relied, in part, upon the summary judgment in dismissing Davidson's administrative actions. If Davidson seeks relief from the Personnel Board's decision, he may follow the proper procedures to appeal that decision. The collateral consequences of the circuit court's decision in an unrelated administrative proceeding are not a proper matter for consideration by this Court. And we decline to address it.

### CONCLUSION

For the forgoing reasons, we affirm the Franklin Circuit Court's opinion and order of February 25, 2003, granting the motion for summary judgment of Military Affairs and denying Davidson's motion for partial summary judgment.

ALL CONCUR.

---

**30.** *Herman v. Department of Justice,* 193 F.3d 1375, 15 IER Cases 1162 (Fed.Cir.1999).