Shawn **HELBIG**, Appellant,

v.

**CITY OF BOWLING GREEN,
Kentucky, Appellee.**

No. 2011–CA–000077–MR.

Court of Appeals of Kentucky.

Sept. 2, 2011.

Case Ordered Published by
Court of Appeals Oct. 28, 2011.

Discretionary Review Denied by
Supreme Court Aug. 15, 2012.

Stephen D. Wolnitzek, Shane C. Sidebottom, Covington, KY, for appellant.

Greg N. Stivers, Scott D. Laufenberg, Bowling Green, KY, for appellee.

Before DIXON and MOORE, Judges; LAMBERT,[1] Senior Judge.

## OPINION

MOORE, Judge.

Shawn Helbig appeals from an order of the Warren Circuit Court dismissing his claim that the City of Bowling Green, Kentucky, demoted him in retaliation for making a disclosure protected by KRS[2] 61.102, Kentucky's whistleblower statute. Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Helbig is employed by the Bowling Green City Police Department. On August 15, 2010, Helbig used two hours of annual leave time, and on August 19, 2010, he worked two hours of overtime. Thereafter, Helbig filed for overtime pay. Earlier that year, however, the Bowling Green City Commission had changed its overtime policy for city employees so that time used for annual leave would not be considered work hours when calculating overtime for a pay period when annual leave was used. And, pursuant to this new policy, Bowling Green did not pay Helbig for the two hours of overtime he requested.

When his request for two hours of overtime was denied, Helbig filed a grievance with the Bowling Green Police Department stating his belief that Bowling Green's new overtime policy violated KRS 95.495.[3] Five days later, on September 28, 2010, Helbig was called into a meeting with one of his supervisors, Lieutenant Colonel John Stewart. There, Stewart informed Helbig that his grievance had been denied. According to Helbig, Stewart then also notified him that he was being relieved of his position as Acting Captain and being reassigned within the week to Sergeant in the Criminal Investigative Division of the Bowling Green Police Department.

Helbig filed his complaint in this matter on October 14, 2010, alleging that Bowling Green had demoted him in retaliation for his grievance, that his grievance was the type of disclosure protected by KRS 61.102, and that Bowling Green had consequently violated that statute.

Rather than answering Helbig's complaint, Bowling Green moved to dismiss it

---

1. Senior Judge Joseph Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. Kentucky Revised Statute.

3. KRS 95.495 regards the hours of work and annual leave for members of police departments in cities of second class or urban-county governments. In total, it provides:

(1) In all cities of the second class or urban-county governments, except those in

which, by ordinance, the patrolmen are employed or paid by the day, the members of the police department shall not be required to work more than eight (8) hours per day, for five (5) days each week or ten (10) hours per day, for four (4) days each week, except in the event of an emergency. Each member of the police department shall have an annual leave of fifteen (15) working days with full pay.

(2) The salary of the members of the police department shall not be reduced by reason of the enactment of this section.

per CR [4] 12.02(f), arguing that the disclosure that Helbig's claim was based upon did not fall within the scope of KRS 61.102 because it was merely a disclosure of public information. To this effect, Bowling Green noted that the new overtime policy had been publicly adopted by the Bowling Green City Commission in accordance with the Kentucky Open Meetings Act, KRS 61.800 *et seq.*

In his response to Bowling Green's motion and later during oral arguments before the trial court, Helbig conceded that Bowling Green's new overtime policy had been publicly disclosed and approved and had been widely known prior to the date of his grievance. Nevertheless, Helbig argued that his disclosure still qualified for protection under KRS 61.102 because his basis for objecting to the overtime policy; *i.e.,* his belief that it conflicted with KRS 95.495, was not publicly known.

The trial court granted Bowling Green's motion to dismiss, relying largely upon *Davidson v. Com., Dept. of Military Affairs,* 152 S.W.3d 247 (Ky.App.2004). In particular, the trial court reasoned that "If '[t]he purpose of [KRS 61.102] is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known,' it does not logically follow that [Helbig] is protected under this act for reporting that a publicly known policy violates a publicly known law." (Quoting *Davidson,* 152 S.W.3d at 255.) This appeal followed.

## II. STANDARD OF REVIEW

A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union v. Kentucky Jockey Club,* 551 S.W.2d 801, 803 (Ky.1977). When ruling on the motion, the allegations in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy,* 725 S.W.2d 867, 868 (Ky.App.1987). In making this decision, the trial court is not required to make any factual findings. *James v. Wilson,* 95 S.W.3d 875, 884 (Ky.App.2002). Therefore, "the question is purely a matter of law." *Id.* Accordingly, the trial court's decision will be reviewed *de novo.*

*Revenue Cabinet v. Hubbard,* 37 S.W.3d 717, 719 (Ky.2000).

## III. ANALYSIS

■ Helbig asserts that he presented a prima facie case of retaliation pursuant to KRS 61.102, which "protects state employees from reprisal for reporting actual or suspected agency violations of the law." *Davidson,* 152 S.W.3d at 249. In *Davidson,* a panel of this Court explained:

In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Id.* at 251 (internal citations omitted).

■ Helbig has undisputedly satisfied the first and second elements of this claim. As to the third element, which is the primary focus of this appeal, Bowling Green

4. Kentucky Rule of Civil Procedure.

argues that Helbig's disclosure in this matter cannot satisfy the third element of a KRS 61.102 claim because it was based upon publicly available information. We agree.

In *Davidson*, this Court concluded that the report of publicly known information was not afforded protection under KRS 61.102, relying on federal precedent in light of the similarity between Kentucky's statute and its federal counterpart, The Whistleblower Protection Act, 5 U.S.C.[5] § 2302 (the "WPA"). *Id.* at 255. In deciding the issue, we quoted *Meuwissen v. Dept. of Interior*, 234 F.3d 9, 13 (Fed.Cir. 2000), which held that " '[a] disclosure of information that is publicly known is not a disclosure' within the meaning of the federal Whistleblower Protection Act." *Id.* This Court went on to note that the employee in *Davidson* "did not report anything ... which was not already known, such as secretive agency procedures." *Id.*

In the case at bar, Helbig reported to his superiors his belief that Bowling Green's overtime policy violated KRS 95.495. However, Helbig acknowledged that the allegedly illegal overtime policy was itself widely known and had already been publicly disclosed. KRS 95.495 was also publicly known. *See, e.g., Midwest Mut. Ins. Co. v. Wireman*, 54 S.W.3d 177, 181–82 (Ky.App.2001) ("It is axiomatic that all persons are presumed to know the law."). And, we agree with the trial court's conclusion that "it does not logically follow that [Helbig] is protected under [KRS 61.102] for reporting that a publicly known policy violates a publicly known law."

Moreover, as a matter of policy, *Meuwissen*, 234 F.3d at 14, explains that "[t]he WPA was not needed to encourage employees to disclose the illegality of [erroneous decisions by an administrative judge], which are known and readily redressable by appeal. An administrative judge's decision that is contrary to law is thus not a violation of law under the WPA."

By analogy, we believe that Kentucky's equivalent to the WPA, KRS 61.102, is not needed to encourage employees to disclose the illegality of a city commission's publicly enacted policy. That policy is already public; the public is presumed to know the law; and, any alleged illegality with regard to that policy is readily redressable by means of a declaratory action.

## IV. CONCLUSION

For these reasons, we agree that Helbig failed to establish a prima facie case for retaliation pursuant to KRS 61.102, and we AFFIRM the judgment of the Warren Circuit Court.

ALL CONCUR.