NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0604n.06

No. 15-5104

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 26, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID COPE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GATEWAY AREA DEVELOPMENT DISTRICT, | ) | COURT FOR THE EASTERN |
| INC.; GAIL WRIGHT, individually; DEBORAH | ) | DISTRICT OF KENTUCKY |
| ANDERSON, individually, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE: SILER, COOK, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Plaintiff-Appellant David Cope (Cope) appeals the district court's dismissal of his whistleblower action against his former employer, Gateway Area Development District (GADD), and Gail Wright (Wright), GADD's executive director, and its grant of summary judgment to Deborah Anderson (Anderson), the Commissioner of Kentucky's Cabinet for Health and Family Services. We **REVERSE** and **REMAND** for further proceedings.

**I.**

The Department of Aging and Independent Living (DAIL) is an agency charged with providing support services to elderly Kentuckians, which it does by funding a network of fifteen statutorily created development districts, including GADD. As Commissioner of Kentucky's Cabinet for Health and Family Services, Anderson oversees DAIL. Cope began working for GADD as a full-time caseworker in 1989. PID 106. In 1996, Wright, GADD's executive

director, informed Cope that GADD would contract out his position. GADD issued a public request for proposals, and Cope successfully bid on and retained his position. *Gateway Area Dev. Dist., Inc. v. Cope*, Nos. 2013-CA-001855-MR, 2015 WL 602726, at *1 (Ky. Ct. App. Feb. 13, 2015). As an independent contractor, Cope's job responsibilities remained the same, but he was no longer eligible for employee benefits. PID 106. Cope successfully rebid on his position each year until 2011. *Cope*, 2015 WL 602726, at *1.

In 2009, Cope submitted a Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Withholding, to the Internal Revenue Service (IRS), seeking a determination whether GADD properly classified him as an independent contractor. *Id.*; PID 106–07. On October 20, 2010, the IRS determined that Cope was an employee for federal tax purposes. PID 107. In February 2011, GADD changed Cope's employment status from independent contractor to employee. *Cope*, 2015 WL 602726, at *1. On July 1, 2011, Wright informed Cope that GADD would not renew his contract. PID 107. Instead, GADD divided Cope's job into two part-time positions of 20 hours per week each, one of which it offered to him. *Cope*, 2015 WL 602726, at *1. The part-time positions did not offer employee benefits and paid approximately $25,000 less than Cope's full-time caseworker salary, but Cope accepted; he asserts he accepted because he did not have another job opportunity. PID 107.

On September 30, 2011, Cope filed a lawsuit in Kentucky state court, claiming that the change in his position and reduction in salary following his submission of the SS-8 Form to the IRS violated the Kentucky Whistleblower Act, Ky. Rev. Stat. §§ 61.101, 337.010. PID 107. After a two-day trial, a jury found for Cope on August 6, 2013. PID 107. Cope was awarded $65,685.19, plus attorney's fees and costs. *Cope*, 2015 WL 602726, at *2.

In September 2013, DAIL began conducting an intensive audit of GADD and the other development districts. Commissioner Anderson informed Director Wright by letter dated October 1, 2013, that the audit uncovered "numerous issues that encompass virtually every aging and disability program within the agency," and therefore that GADD must adhere to a corrective action plan. PID 13. On October 2, 2013, after denying defendants' post-judgment motions, the Kentucky trial court entered judgment for Cope. The following day, Anderson sent Wright a letter detailing issues with Cope's performance, including that many of his clients complained of unmet needs within Cope's purview; Cope failed to meet face-to-face with his clients on a monthly basis, as required by Kentucky law; Cope failed to report a threat made to one of his clients, despite his status as a mandatory reporter; and Cope "replac[ed] existing support systems with state funded services." PID 17. Anderson noted that these issues with Cope's performance were cited as early as 2009, but that Cope had not improved despite additional training and yearly warnings. PID 18. Anderson concluded that "[t]he overall lack of basic knowledge demonstrated by Mr. Cope regarding resources, supports, and services provided for the frail and elderly population is extremely concerning," and therefore DAIL would no longer fund Cope's position. PID 18. GADD terminated Cope's employment shortly thereafter. PID 108.

On January 14, 2014, Cope sued GADD, Wright, and Anderson in state court, alleging that his termination was 1) a violation of the Kentucky Whistleblower Act (Count I) and 2) an infringement of his First Amendment right of free speech in violation of 42 U.S.C. § 1983 (Count II). Cope attached the letters from Anderson to Wright to his complaint. PID 5. Count I is alleged against GADD, and Count II is alleged against Wright, individually and in her official capacity as GADD's executive director, and against Anderson, also individually and in her official capacity as Commissioner of the Cabinet for Health and Family Services. After

Defendants removed the case to federal court, Cope sought leave to amend his complaint to add a claim alleging wrongful termination in violation of public policy (Count III) against Wright and Anderson, in their official capacities, and GADD. PID 99. On the same day the first amended complaint was accepted for filing, the district court dismissed Count II against Anderson in her official capacity, finding that an official acting in her official capacity was not a person under § 1983. PID 154. Cope did not object to this dismissal. PID 152.

GADD and Wright filed a motion to dismiss Cope's first amended complaint, arguing that it failed to set forth a legally plausible claim for a violation of the Kentucky Whistleblower Act. Specifically, they asserted that Cope failed to allege any facts from which retaliation could plausibly be inferred. GADD and Wright maintained that Cope did not allege collusion between GADD and DAIL, but instead admitted in his complaint that he was investigated and found incompetent immediately prior to his discharge. As to Count III, GADD and Wright argued that the remedy provided by the Kentucky Whistleblower Act precluded recovery under the common-law wrongful-termination public-policy claim. Anderson filed a motion to dismiss, or in the alternative, a motion for summary judgment, asserting that Cope's complaint merely stated conclusory allegations; that Anderson was protected by sovereign immunity and qualified immunity; that Cope conceded he had longstanding performance issues; that he did not allege that DAIL terminated his employment with GADD, but instead merely cut the funding for his position; and that in performing the audit and taking action to resolve violations of state policy, Anderson was fulfilling her legal duty to ensure GADD's compliance with the applicable statutes, and Cope did not dispute that she had this duty.

The district court granted both Defendants' motions. Regarding Count I, the Kentucky Whistleblower Act, the court found that Cope failed to allege causation and asserted only a legal

conclusion of retaliation with none of the facts necessary to substantiate the claim. It further determined that Cope defeated his own claim by including the results of DAIL's audit in his case files. The court held that "[t]he length of time between the protected disclosure [to the IRS in 2009] and the termination of his employment raises [the] strong inference that the two are not related." Lastly, the court stated that the complaint did not allege that GADD was involved in DAIL's investigation of Cope. Regarding Count III, the district court agreed with GADD that the Kentucky Whistleblower Act precluded Cope from prevailing on his claim of wrongful termination in violation of public policy. The court also granted summary judgment for Anderson on Count III, finding that she was not in a position to terminate Cope, as Cope worked for GADD, not DAIL.[1]

Cope filed a motion to alter, amend, or vacate the court's judgment. In the alternative, he requested leave to amend his complaint to add a whistleblower claim against DAIL and Anderson based on the theory that they were also his employers. The district court denied the motion, finding that it did little more than reassert arguments Cope had already made, and that the court had already determined that DAIL was not Cope's employer.

In February 2015, the Kentucky Court of Appeals vacated Cope's jury award, finding that GADD was not an employer for the purposes of the Kentucky Whistleblower Act and that Cope's request for determination from the IRS whether his employment status was proper was not a protected disclosure. The Court of Appeals let stand Cope's damage award for a wage-

---

[1] We note that although the Memorandum Opinion and Order states that the claims against Anderson in her official capacity were dismissed in an earlier order (PID 314), the earlier order dismissed only Count II against Anderson in her official capacity, (R. 16, Order 4/29/14); the dismissal order was entered before the amended complaint was accepted for filing and the Memorandum Opinion and Order clearly addresses Count III in relation to Anderson. The district court also granted GADD's and Wright's motion to dismiss and Anderson's motion for summary judgment regarding Count II—rulings Cope does not challenge.

and-hour violation. Cope requested discretionary review from the Kentucky Supreme Court, but that court has yet to determine whether it will review the case.

Cope's appeal is directed only to Counts I and III, and he does not challenge the district court's denial of his request for leave to amend his complaint.

**II.**

We turn first to the dismissal of Cope's whistleblower and wrongful-termination claims against GADD and Wright. "We review de novo a district court's dismissal of a plaintiff's complaint for failure to state a claim under Rule 12(b)(6)." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (citing *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 451 (6th Cir. 2003)). When reviewing a motion for dismissal under Rule 12(b)(6), the court "must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Id*. But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 561 (internal quotation marks omitted).

A. **Kentucky Whistleblower Act Claim**

Cope argues that the district court erred in dismissing his whistleblower claim because he adequately pleaded facts in support of his claim that his 2009 IRS disclosure and subsequent lawsuit and GADD's 2013 actions were linked.

To state a claim under the Kentucky Whistleblower Act, Cope must plausibly allege four elements:

> (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or

authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Ky. Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. Ct. App. 2004); *see also* Ky. Rev. Stat. § 61.102(1). The district court determined that Cope failed to allege facts plausibly supporting the fourth element of causation because Cope's only allegation regarding causation was that he was "'subjected to additional retaliatory acts, up to and including termination,' after his first whistleblower action was concluded," which was "not a factual allegation, but, rather, a conclusory assertion." PID 317.

However, at the very least, the timeline of events Cope sets forth in his pleadings, and which is detailed in the letters attached as exhibits,[2] suggests that it is plausible that his employment was terminated as a result of his disclosure and subsequent litigation. DAIL first began investigating Cope in 2009, after his initial disclosure to the IRS. Then, DAIL began its audit of GADD, and of Cope, just weeks after the jury ruled in his favor. Finally, Anderson's letter explaining that DAIL would cease funding for Cope was dated the day after the Kentucky trial court entered a judgment for more than $65,000 in Cope's favor. Although the audit claimed to find systemic issues within the development districts, Cope was the only employee singled out during the audit.

The district court dismissed the claim on the pleadings. The extent of GADD's involvement in the investigation, DAIL's interest in the IRS's treatment of Cope's employment status as the funder, and the validity of the investigation's conclusions regarding Cope's job

---

[2] When a document attached to a complaint "is referred to in the complaint and is central to the plaintiff's claims," it may be considered part of the pleadings and will not convert a motion to dismiss to one for summary judgment. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

performance are all issues properly addressed in a Rule 56 motion for summary judgment focused on whether there is a genuine dispute as to any material fact. There may be other problems with Cope's whistleblower claim, particularly in light of the state-court appellate ruling. The district court is free to address any such issues on remand, but based on the pleadings and attached exhibits alone, we conclude that the complaint adequately alleges facts supporting the requisite causation and we cannot say that Cope can prove no set of facts in support of his claim entitling him to relief. Therefore, we reverse the district court's dismissal of Cope's whistleblower claim.

### B. Wrongful-Termination Claim

Cope alleges, in the alternative, that he was wrongfully terminated in violation of public policy for pursuing a whistleblower claim in Kentucky state court. Wright and GADD argue that the Kentucky Whistleblower Act precludes this claim and that Cope does not present a plausible factual basis for his claim.[3]

The elements of a Kentucky common-law wrongful-termination claim are:

> 1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law. 2) That policy must be evidenced by a constitutional or statutory provision. 3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.

*Foster v. Jennie Stuart Med. Ctr., Inc.*, 435 S.W.3d 629, 635 (Ky. Ct. App. 2013). However, "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Grzyb v.*

---

[3] Defendants also maintain that Cope's arguments on appeal are different than those he made before the district court. However, Cope made several arguments below, including that if the state-court action was not a protected disclosure, his wrongful-termination claim would not be preempted by the Whistleblower Act. This is the same argument Cope makes on appeal.

*Evans*, 700 S.W.2d 399, 401 (Ky. 1985). The district court held that Cope can only pursue relief under the Kentucky Whistleblower Act and cannot bring a public-policy wrongful-termination action. Cope argues that the Kentucky Whistleblower Act does not itself provide a remedy for an employee who has been retaliated against for bringing a whistleblower claim.

Counts I and III are properly understood as alternative claims. If Cope's state whistleblower action vindicating the right to seek an opinion from the IRS without retribution from GADD and DAIL is itself protected by the Kentucky Whistleblower Act, Count III must be dismissed. However, if the lawsuit itself is not protected by the Whistleblower Act, the Act does not preclude Cope's wrongful-termination claim and Cope may seek to establish that his employment was terminated in retaliation for vindicating a right protected by the Kentucky Whistleblower Act.

Further, as discussed in relation to Count I, the factual allegations laid out in Cope's complaint and supporting exhibits plausibly establish the basis for his allegation that DAIL and GADD impermissibly terminated his employment as a result of his state-court lawsuit. Specifically, Cope alleges that DAIL administers and funds GADD; he further laid out the timeline of events leading up to his termination. Based on the complaint, it is thus plausible that GADD and DAIL terminated Cope for pursuing his state-court action.

Therefore, we reverse the district court's grant of the motion to dismiss Count III.

**III.**

We turn next to the grant of summary judgment on Cope's public-policy wrongful-termination claim against Anderson, which we also review de novo. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998). In reviewing a grant of summary judgment, this court construes all reasonable inferences in favor of the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and upholds the

grant if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).

The district court granted summary judgment for Anderson on Count III on the basis that Anderson was not Cope's employer and therefore could not terminate his employment. However, as Cope's complaint makes clear, Anderson controlled the administration of Cope's direct employer, and more importantly, the funding for Cope's position. Thus, at this point we cannot say that there is no genuine issue of material fact remaining regarding Anderson's role in the termination.

Anderson argues alternatively that she is entitled to immunity. Cope responds that the Kentucky legislature waived immunity when it implemented the Whistleblower Act. Reply Br. at 11. The district court did not address this issue and should do so on remand.

**IV.**

For these reasons, we **REVERSE** the dismissal of Counts I and III as to GADD and Wright as well as the grant of summary judgment to Anderson on Count III, and **REMAND** for further proceedings consistent with this opinion.