RENDERED:  SEPTEMBER 29, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1533-MR

WESLEY STOVER                                                                APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 17-CI-003004

LOUISVILLE METRO DEPARTMENT
OF PUBLIC HEALTH AND
WELLNESS AND
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  Wesley Stover ("Appellant") appeals from an

opinion and order of the Jefferson Circuit Court granting summary judgment in

favor of Louisville Metro Department of Public Health and Wellness and

Louisville/Jefferson County Metro Government ("Appellees").  Appellant argues

that the circuit court erred in failing to find that he engaged in activities protected

by Kentucky's Whistleblower Act,[1] and that the termination of his employment for falsifying his time records was a mere pretext for his wrongful termination. He seeks an opinion reversing the order on appeal. After careful review, we find no error and affirm the opinion and order of the Jefferson Circuit Court.

## FACTS AND PROCEDURAL HISTORY

This matter was previously before a panel of this Court in *Stover v. Louisville Metro Department of Public Health and Wellness*, No. 2018-CA-000054-MR, 2019 WL 258123 (Ky. App. Jan. 18, 2019). The panel in that appeal stated the facts as follows:

> From January 2001 through November 18, 2016, Stover was employed as manager of the information technology section of the Department of Public Health and Wellness, a division of Metro Government. In June 2017, he filed a verified complaint against the Department and Metro Government for wrongful termination and violation of Kentucky's Whistleblower Act, KRS 61.101, *et seq.*
>
> In his complaint, Stover alleged that he requested the facilities department to remove ceiling tiles in his workspace in January 2016. According to Stover, the tiles appeared to be tar-stained as a result of years of cigarette smoke. When tested, the tiles were discovered to contain asbestos. Stover alleged that he informed his supervisor and the interim director of his department of the asbestos-ridden tiles in March. Stover contacted the facilities department in April and again in July to inquire about a timeline for replacement of the tiles. In September, Stover and his supervisor were informed that

---

[1] Kentucky Revised Statutes ("KRS") 61.101 *et seq.*

the ceiling tiles would not be replaced during the fiscal year. Stover complained again in September and October about the asbestos. In his civil action, Stover alleged that he disclosed to his supervisor that he would file a federal or state OSHA (Occupational Safety and Health Act) complaint if the tiles were not promptly removed.

Stover was discharged in November after it was discovered that his electronic badge entry history did not match his timesheets. Pursuant to Metro Government's personnel policy, Stover appealed the termination decision. He provided several explanations for the discrepancies between his timesheets and the badge entry reports. He also complained that other department employees had similar discrepancies between their timesheets and badge entry reports but that no action had been taken against them. Stover's appeal was denied.

He then appealed to the Metro Government's human resources department. Following a hearing, the hearing officer concluded that termination of Stover's employment was justified and denied the second appeal. Stover alleged that the charge that he had falsified his time sheets was a pretext for the discharge and that his announcement that he intended to file an OSHA complaint contributed to the Department's decision to terminate his employment. In Count I of his complaint, Stover alleged that his discharge under these circumstances violated provisions of Kentucky's Whistleblower Act.

In Count II of his verified complaint, Stover alleged that he was wrongfully discharged after he made an open records request in November 2016. This request pertained to an incident involving the Department of Public Health and Wellness information technology staff and the Metro Government's technology department. Stover alleged that his superiors were "furious" that he had made the request. In his complaint, Stover claimed

that this open records request was another contributing factor in the decision to terminate his employment.

On July 5, 2017, the Department of Public Health and Wellness and Metro Government filed a motion to dismiss Stover's claim of wrongful discharge pursuant to the provisions of [Kentucky Rules of Civil Procedure (CR)] 12.02(f) (failure to state a claim upon which relief may be granted). The government entities contended that Stover's common law action was barred by principles of sovereign immunity.

On July 14, 2017, the Department of Public Health and Wellness and Metro Government filed a motion to dismiss Count I of Stover's complaint as well. The government entities argued that Stover's claim under the provisions of Kentucky's Whistleblower Act was preempted and that his remedy, if any, was recourse to the specific provisions of Kentucky's Occupational Safety and Health Act providing for reinstatement and back pay.

Following oral argument, the circuit court ordered that both counts of the complaint be dismissed with prejudice since Stover had failed to state a claim upon which relief may be granted. Stover's motion to alter, amend or vacate was denied by order entered on December 8, 2017.

*Id.* at *1-2.

Appellant then filed his first appeal, arguing that the circuit court erred in dismissing both counts of his complaint. On January 18, 2019, the panel hearing that appeal vacated and remanded as to Count I of the complaint, upon

-4-

finding that his Whistleblower claim was not preempted by KRS 338.121(3)(b).[2]

The panel affirmed the circuit court's dismissal as to Count II, alleging common

law wrongful discharge, because the claim was barred by sovereign immunity.

On remand, the Jefferson Circuit Court considered Appellant's claim

under Count I that he was wrongfully terminated under the Whistleblower Act.

After discovery was conducted, Appellees filed a motion for summary judgment.

The motion was denied. Appellees then moved to reconsider, resulting in a

November 30, 2022 opinion and order granting the motion for summary judgment.

In support of the opinion and order, the Jefferson Circuit Court found that

Appellees had provided ample evidence that they were aware of the asbestos

problem in the building and were actively taking steps to abate the problem. Based

on this finding, the court determined that Appellant,

> simply cannot qualify as a whistleblower for pointing out
> an obvious problem of which his employer was aware
> and was addressing merely because he did not approve of
> the speed of the project. He also failed to provide an
> expert opinion to support his theory. And he did not
> rebut Metro's uncontroverted evidence of knowledge and
> work to remediate. Accordingly, he is unable to make a
> prima facie case and the Court must grant summary
> judgment for Metro.

This appeal followed.

---

[2] KRS 338.121 established a cause of action for an employee who suffers discrimination or discharge from employment for requesting an occupational safety and health inspection or filing an action alleging an occupational safety and health violation.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc*., 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in granting Appellees' motion for summary judgment. He maintains that he engaged in

activities protected by the Kentucky Whistleblower Act, and that his termination from employment for falsifying his time records was a mere pretext for his wrongful termination. Appellant directs our attention to KRS 61.102(1), which states:

> No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the Executive Branch Ethics Commission, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure, or divulgence.

Appellant argues that he filed a complaint asserting violations of KRS 61.102; that he satisfied the elements of the statute and the supportive case law; and that, at a minimum, genuine issues of material fact exist sufficient to overcome

Appellees' motion for summary judgment. He also points to *Consolidated Infrastructure Management Authority, Inc. v. Allen*, 269 S.W.3d 852 (Ky. 2008), wherein the plaintiff successfully brought an action under the Whistleblower Act when his employment was terminated after he threatened to contact OSHA regarding his workplace environment. Appellant asserts that the facts of *Allen* mirror those of his claim and bolster his contention that summary judgment was not warranted. Lastly, Appellant argues that the purported reason for his termination*, i.e.*, falsifying his work time records, was a mere pretext because dozens of other employees engaged in the same sign in/sign out procedure with no discipline having been taken.

The elements for a wrongful discharge claim under the Whistleblower Act are set out in *Davidson v. Commonwealth, Department of Military Affairs*, 152 S.W.3d 247, 251 (Ky. App. 2004). A panel if this Court stated:

> In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure. The employee must show by a preponderance of evidence that the disclosure was a contributing factor in the personnel action. The burden of proof is then on the state employer to prove by clear and convincing evidence that the

disclosure was not a material fact in the personnel action.

*Davidson*, 152 S.W.3d at 251 (internal quotation marks, footnotes, and citations omitted).

In granting Appellees' motion for summary judgment, the Jefferson Circuit Court determined that Appellant was not properly characterized as a whistleblower because he merely pointed out an obvious problem of which his employer was aware and was addressing; because he failed to provide an expert opinion to support his theory; and, because he did not rebut Appellees' uncontroverted evidence of knowledge and work to remediate the asbestos problem.

Having closely examined the record and the law, including the well-written arguments of counsel, we agree with the Jefferson Circuit Court that Appellant cannot be properly characterized as a whistleblower per KRS 61.102 and *Davidson*. According to the record, on January 11, 2016, Appellant requested that the facilities department of Metro Government remove the ceiling tiles at Louisville Metro Department of Public Health and Wellness because they appeared to be tar-stained from many years of smoking in the building. On March 16, 2016, a private corporation called Environmental Health Management produced its results from air samples tested in the affected area. It determined that though the tiles contained asbestos, the workspace was safe for occupancy per the relevant

United States Environmental Protection Agency ("EPA") guidelines. This conclusion was later bolstered by Appellees' asbestos expert, Douglas W. Peters. Evidence was adduced that on the same day the air testing was completed, Appellant was informed via email that the results were within the acceptable asbestos levels per the EPA guidelines.

Thereafter, Louisville Metro government undertook a plan to replace the ceiling tiles and remediate the asbestos even though the air samples were within safe levels. Because of budgetary constraints, the remediation project could not be completed by the end of calendar year 2016. As 2016 progressed, Appellant continued to press for quicker remediation and threatened to file an OSHA complaint. On November 15, 2016, Appellant filed an open records request relating to the remediation program. Three days later, his employment was terminated on the claim that he was falsifying his timesheets.

Appellant satisfied elements 1 and 2 of *Davidson*, *supra*, *i.e.*, he demonstrated that he and his employer fell within the scope of the Whistleblower Act. Appellees do not contest this assertion. Appellant cannot, however, satisfy the third element requiring proof that he "made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority[.]" *Davidson*, 152 S.W.3d at 251. After Appellant complained to his superior of what he characterized as tar-stained ceiling tiles, the air quality

was tested by an independent third party and Appellant was informed that the air quality fell within EPA guidelines for occupancy. Thus, Appellant knew early on that there was no violation of state or local law relating to either asbestos or air quality. As there was no underlying violation of state or local law, Appellant cannot satisfy the third element of *Davidson*.

Adverse employment action against an employee is actionable under the Whistleblower Act and *Davidson* only if it results from the employee's good faith report or disclosure of a suspected violation of state or local law. *Id.* Within weeks of his initial complaint to his superior, on March 16, 2016, Appellant was informed that the air quality had been independently tested and complied with EPA guidelines. Because he was aware of this fact, his complaining and threats of OSHA action after March 16, 2016, cannot be characterized as having been made in good faith per *Davidson*. Further, and as properly noted by the circuit court in its order granting summary judgment, Appellant produced no expert testimony to rebut the March 16, 2016 air quality test result. Thus, Appellant knew or should have known from March 16, 2016, until his termination from employment on November 18, 2016, that there was no underlying violation of state or local law. Since there was no violation of state or local law to expose, Appellant cannot be characterized as a whistleblower. The Jefferson Circuit Court properly so found.

Having determined that Appellant is not a whistleblower per KRS 61.102, his claim that his termination resulted from a mere ruse or pretext is moot.

## CONCLUSION

When the record is viewed in a light most favorable to Appellant and all doubts are resolved in his favor, *Steelvest*, *supra*, the Jefferson Circuit Court correctly concluded that Appellant is not a whistleblower per KRS 61.102. The circuit court correctly found that there were no genuine issues as to any material fact, and that Appellees are entitled to judgment as a matter of law. *Scifres*, *supra*. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court granting summary judgment in favor of Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Oliver H. Barber, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEES:

John F. Carroll
Assistant Jefferson County Attorney
Louisville, Kentucky