RENDERED: OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1099-MR

CAREY KITTS APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.   HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 20-CI-00357

COMMONWEALTH OF KENTUCKY
AND JUSTICE AND PUBLIC
SAFETY CABINET APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Appellant, Carey Kitts (Kitts), alleges that he was wrongfully terminated by his employer, the Department of Criminal Justice Training (DCJT). DCJT is a department within the Appellee, the Kentucky Justice and Public Safety Cabinet (Cabinet). Kitts filed a Complaint in Franklin Circuit Court pursuant to

the Kentucky Whistleblower Act (the KWA), codified in KRS[1] Chapter 61. Kitts alleged that he made two protected disclosures, one regarding DCJT Commissioner Alex Payne's dismissal, and one regarding the appointment of the new Commissioner, Nicolai Jilek. The Cabinet filed a motion for summary judgment, which was granted. Kitts now appeals as a matter of right. For the following reasons, we affirm.

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citations omitted).

> In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure. The employee must show by a preponderance of evidence that the disclosure was a contributing factor in the personnel action.

---

[1] Kentucky Revised Statutes.

*Davidson v. Commonwealth, Dep't of Mil. Affs.*, 152 S.W.3d 247, 251 (Ky. App. 2004) (internal quotation marks and citations omitted). In its order granting summary judgment, the circuit court made the following findings:

> [T]he parties agree that the first two (2) elements are satisfied. The parties contest the remaining two (2) elements. Defendant filed the underlying motion seeking summary judgment. Defendant contends that Plaintiff did not make a protected disclosure to an appropriate body and was not terminated as the result of his alleged disclosures. Plaintiff argues that he aided, supported, and substantiated Payne's claim and thus he has established a viable claim under the KWA. Plaintiff's response does not make any mention of his second alleged protected disclosure related to Jilek's presence in the [DCJT] building. The Court agrees with Defendant that Plaintiff has failed to establish a prima facie case for a KWA violation.

Regarding the information that was the subject of the alleged protected disclosures, the court specifically determined:

> the information was widely known and discussed, and corrective action was already underway.
>
> . . . [Plaintiff] did not disclose information that the KWA was created to prevent such as mismanagement, fraud, waste, abuse of authority, or danger to the public.

In careful consideration of the foregoing, the circuit court ultimately held:

> Because Plaintiff did not make an unknown good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority, he has failed to establish an essential element of a prima facie claim under the KWA. Because a viable claim under the KWA requires satisfying all four (4) elements, it is

impossible for Plaintiff to demonstrate that he was terminated because of his statements as they were not protected disclosures. Thus, Plaintiff has failed to establish a viable claim under the KWA and Defendant is entitled to summary judgment.

Based upon our review of the record, we find no error in the trial court's analysis. We agree that appellant did not make a protected disclosure that was covered by the KWA nor was appellant's employment terminated for the purported disclosure. Accordingly, the circuit court's conclusion that there was no genuine issue or dispute as to any material fact is supported by the record below. *See* CR[2] 56.03.

For the foregoing reasons, we affirm the circuit court's September 1, 2022 order granting appellee's motion for summary judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas E. Clay
Louisville, Kentucky

BRIEF FOR APPELLEE:

Leah Boggs
Erritt Griggs
Robin Cornette
Frankfort, Kentucky

---

[2] Kentucky Rules of Civil Procedure.