Rosaland MOSS, Appellant

v.

KENTUCKY STATE UNIVERSITY, Appellee.

No. 2013–CA–001431–MR

Court of Appeals of Kentucky.

RENDERED: NOVEMBER 21, 2014; 10:00 A.M.

Discretionary Review Denied by Supreme Court August 12, 2015

Briefs for Appellant: Philip C. Kimball, Louisville, Kentucky.

Brief for Appellee: William E. Johnson, Frankfort, Kentucky.

BEFORE: KRAMER,[1] TAYLOR, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

Rosaland Moss appeals from the Franklin Circuit Court's order granting Kentucky State University ("University") summary judgment on her Kentucky Whistleblower Act claim. For the following reasons, we affirm.

Moss was employed in the position of Accountant III with the University from July 2007 until January 2010. Moss performed well during her first few years at the University, but Moss's supervisor, Katherine Napier, noticed deficiencies in Moss's work and frequent absences beginning in early 2009. When Moss was asked to provide a doctor's note verifying an absence in February 2009, she filed a grievance with the University's Human Resources Director, Gary Meiseles, and an investigator in the Human Resources Department, Melvin Nicholson, alleging unfair treatment. In this complaint, Moss also alleged that her job assignment had been changed, and she was now being asked to complete financial statements, a task with which she had only assisted in the past. While Moss's resume stated that she had "excellent skills in financial statement preparation," she claims that the University knew before she was hired that she only had experience with private business financial statements, not the financial statements of a large educational institution.

On March 27, 2009, Moss made a formal grievance to Alice Johnson, the University's Vice President of Finance and again to Human Resources. She complained about Napier's request for doctor's excuses and her lack of training in preparing financial statements. Moss alleged that Napier was being unfair, because she assigned all of the financial statements to Moss and expected Moss to reconcile accounts receivable, a task Moss claimed was impossible as it had been unbalanced for many years. Napier responded with evidence of Moss's excessive absences and failure to complete assigned tasks.

The University terminated Moss on January 11, 2010. Moss brought this action on March 29, 2010, alleging that her termination was improper retaliation under the Kentucky Whistleblower Act. Moss alleged waste and mismanagement, claiming that her taxpayer-funded salary was wasted when she was tasked with solving the unsolvable problem of reconciling the University's accounts receivable. The University moved for summary judgment, claiming that Moss's complaints were not protected

---

1. Judge Joy A. Kramer, formerly Judge Joy A. Moore.

under the Whistleblower Act, and that Moss's termination was due to her failure to complete job assignments and frequent absences. The trial court granted summary judgment in favor of the University. This appeal follows.

On appeal, Moss argues that her report of mismanagement constitutes "whistleblowing" for purposes of the Whistleblower Act, and therefore, summary judgment in favor of the University was improper. She further claims that a causal connection exists between her reports and her termination.

CR [2] 56.03 provides that summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law. Summary judgment may be granted when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 483 (Ky.1991) (internal quotations omitted). Whether summary judgment is appropriate is a legal question involving no factual findings, so a trial court's grant of summary judgment is reviewed *de novo. Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 370–71 (Ky.2010).

First, Moss alleges that her reports of "mismanagement, waste, fraud, and abuse of authority" constitute more than just personal grievances or disagreements with supervisors, and instead amount to whistleblowing for purposes of the Act. The Kentucky Whistleblower Act provides:

No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the Executive Branch Ethics Commission, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, **or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority,** or a substantial and specific danger to public health or safety. No employer shall require any employee to give notice prior to making such a report, disclosure, or divulgence.

KRS [3] 61.102(1) (emphasis added). Accordingly, this court has instructed:

In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage

---

**2.** Kentucky Rules of Civil Procedure.

**3.** Kentucky Revised Statutes.

the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Commonwealth of Kentucky, Dep't. of Military Affairs,* 152 S.W.3d 247, 251 (Ky.App.2004).

Both parties agree that the University and Moss are state employer and employee, respectively. The third element required for a Whistleblower Act claim is not limited to violations of law; KRS 61.102 also includes reports of "actual or suspected mismanagement, waste, fraud, [and] abuse of authority" as protected reports. In granting summary judgment, the trial court found that Moss's complaints were personal in nature and thus not protected reports under the Whistleblower Act. Given that finding, the trial court stated that it need not determine whether Moss was fired in retaliation for her disclosures.

■ Because "[t]he federal Act is similar to the Kentucky Act in almost every respect[,]" the Kentucky Supreme Court has held that federal Whistleblower Protection Act law can provide direction in Kentucky Whistleblower Act cases. *Commonwealth Dep't. of Agric. v. Vinson,* 30 S.W.3d 162, 169 (Ky.2000). Federal courts have held that disagreements with supervisors over job-related activities are commonplace and do not constitute whistleblowing. *Willis v. Dep't. of Agric.,* 141 F.3d 1139, 1143 (Fed.Cir.1998). We agree with the trial court that Moss's complaints regarding unfair treatment by her boss amounted to nothing more than disagreements with a supervisor, not actionable under the Whistleblower Act.

■ As for Moss's report of the "impossible" task of reconciling the University's financial accounts, the University was already aware of the problems with reconciling their accounts receivable and financial statements when Moss reported these issues. The University was attempting to address this accounting problem, and thus Moss's complaints were hardly an initial report. Accordingly, Moss's complaints do not fall under the protection of the Whistleblower Act.

Finally, we agree with the trial court that addressing Moss's allegations that her termination was a result of her reports is unnecessary. Even if Moss's termination was a result of her complaints, despite the University's evidence to the contrary, her claim still is not actionable since her reports are not protected under the Act.

For the above reasons, the order of the Franklin Circuit Court is affirmed.

ALL CONCUR.