RENDERED:  APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED
**MODIFIED:  MAY 31, 2024; 10:00 A.M.**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0401-MR

LESLIE WARDEN CARR                                             APPELLANT


APPEAL FROM WARREN CIRCUIT COURT
v.          HONORABLE JANET J. CROCKER, SPECIAL JUDGE
ACTION NO. 18-CI-01518


COMMONWEALTH OF KENTUCKY,
JUDICIAL BRANCH,
ADMINISTRATIVE OFFICE OF THE
COURTS; AND CATHERINE RICE
HOLDERFIELD, IN HER
INDIVIDUAL CAPACITY AND AS
JUDGE OF THE WARREN CIRCUIT
COURT, 8TH CIRCUIT, DIVISION IV,
FAMILY COURT OF THE
COMMONWEALTH OF KENTUCKY                                       APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR,
JUDGES.

THOMPSON, CHIEF JUDGE: Leslie Warden Carr appeals from orders of the Warren Circuit Court which granted summary judgment in favor of Judge Catherine Holderfield and dismissed the Administrative Office of the Courts (AOC) from the case. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant worked as a court administrator for Judge Holderfield from about September 16, 2017, to September 4, 2018. She resigned from her position to take a job with a law firm. On November 2, 2018, Appellant filed a complaint against Appellees. She raised numerous causes of action, including an allegation that her employment was constructively terminated in violation of the Kentucky Whistleblower Act (KWA) found in Kentucky Revised Statutes (KRS) 61.101, *et seq*. On December 18, 2019, the AOC was dismissed from the case. On January 12, 2023, summary judgment was granted in favor of Judge Holderfield. This appeal followed.

## ANALYSIS

We begin our analysis by noting that Appellant has raised no argument on appeal regarding the AOC's dismissal. While Appellant appealed the order dismissing the AOC, her brief focuses solely on Judge Holderfield's summary judgment. "Any part of a judgment appealed from that is not briefed is affirmed as being confessed." *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000)

-2-

(citation omitted).  As Appellant has raised no issues regarding the AOC, we affirm its dismissal from the case.

We now move on to the main issue on appeal, the order granting summary judgment in favor of Judge Holderfield.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . .  "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor."  Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances."  Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*."  *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Appellant's arguments on appeal only concern the KWA.  The KWA states in pertinent part:

> No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent,

interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the Executive Branch Ethics Commission, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety.

KRS 61.102(1).

In order to demonstrate a violation of KRS 61.102, an employee must establish the following four elements: (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure. The employee must show by a preponderance of evidence that "the disclosure was a contributing factor in the personnel action." The burden of proof is then on the state employer "to prove by clear and convincing evidence that the disclosure was not a material fact in the personnel action."

*Davidson v. Commonwealth, Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. App. 2004) (footnotes and citations omitted).

We will first note that the trial court found that the first and second KWA factors were met and focused its attention on the third element, finding it lacking. For our purposes, we will accept that the first two KWA factors were met and focus our attention on the third factor, the reporting or disclosing of a violation of state or local law to an appropriate authority.

Here, Appellant raises three instances of where she made a report or disclosure of a violation of a law or rule in relation to Judge Holderfield. The first is that Appellant informed another judge and the Warren Circuit Clerk that she believed Judge Holderfield was violating the Warren Family Court local rules by refusing to appoint certain attorneys as *guardians ad litem* in her court. The rule at issue was Warren Circuit Family Court Rule (WFCR) 704A, which states:

> *Guardians ad Litem* and military attorneys shall be appointed from a panel of attorneys who have registered their willingness to accept appointments with the Warren Circuit Court Clerk's Office. See WFCR 604. Appointments shall be made in rotation according to the register, except in those cases where an emergency exists, a member of the panel previously represented the party, or special language or communication skills are known to be needed for adequate representation of a party.

Appellant claimed that Judge Holderfield violated this rule by refusing to appoint certain attorneys who were on a list of qualified attorneys and who had been approved by a *Guardian ad Litem* Committee. WFCR 604.

The second instance is that she informed another judge and the Warren Circuit Clerk that Judge Holderfield violated local rules by refusing to accept mediation agreements from qualified mediators. The rule at issue is WFCR 707B, which states in relevant part:

> The Chair of the Mediation Review Committee shall be selected by the Warren Family Court Judges. The Chair shall select additional members if determined to be necessary. The mediation review committee shall review the qualifications of applicants, ensure compliance with the rules of ethics and make recommendations regarding the applicants to the Court.

Appellant claimed that Judge Holderfield excluded some qualified mediators from participating in cases in her court.

The third instance of a disclosure of an alleged violation of a law or rule concerns a substance abuse referral list. Appellant claims that she informed another judge that Janet Carter-Martin was on a list of providers who could provide a substance abuse assessment; however, Ms. Carter-Martin was allegedly not qualified to provide such assessments. Appellant informed the other judge that Judge Holderfield continued to utilize Ms. Carter-Martin as an assessor even though Judge Holderfield knew Ms. Carter-Martin was unqualified.

We begin our discussion of Appellant's alleged whistleblower activity with the *guardian ad litem* list. The trial court found that the *Guardian ad Litem* Committee would revise the list of qualified attorneys each year. Judges would then make appointments from the list on a rotation basis and without any material deviation. Judge Holderfield, however, would not appoint some attorneys on the list regardless of his or her qualifications. Appellant believed this was improper favoritism. Judge Holderfield claimed she excluded attorneys who had a history of not showing up for hearings. Judge Holderfield also believed that a smaller *guardian ad litem* roster would provide more appointments per attorney and would create a financial incentive for attorneys to appear for hearings.

The court held that Appellant did not make a protected disclosure because Judge Holderfield's actions regarding the *guardian ad litem* list were widely known. "[T]he 'disclosure' of information which is public information or otherwise already widely known within the organization cannot qualify as a whistleblower disclosure. The statute protects the whistleblower who exposes information not generally known." *Harper v. University of Louisville*, 559 S.W.3d 796, 802 (Ky. 2018) (citation omitted). Here, Judge Holderfield's limited use of the *guardian ad litem* list began prior to Appellant's employment. As such, the following people knew of Judge Holderfield's use of the list: some members of the staff in the Warren Circuit Clerk's office, the Warren Circuit Clerk, Judge

Holderfield's prior administrative assistants, the *Guardian ad Litem* Committee members, and some Warren County attorneys.

We agree with the trial court's conclusion on this issue. While the public at large may not have known about how Judge Holderfield used the *guardian ad litem* list, we believe that enough people in the Warren County legal community and Warren Circuit Courthouse knew so as to make the issue "generally known." As it was generally known within the Warren County legal community, Appellant cannot meet the third requirement to maintain an action for the violation of the KWA.

We now move on to Judge Holderfield's alleged refusal to accept mediation settlements from qualified mediators. Appellant alleged that Judge Holderfield had personal animus toward a person qualified to perform mediation settlements, but refused to allow this person to serve as a mediator in any of her cases. The trial court found that Appellant provided no evidence to substantiate this allegation. After reviewing the record, we agree. There is no evidence that Judge Holderfield refused to accept a mediation agreement from this particular individual or that Judge Holderfield otherwise excluded this person from participating in mediations. Courts of the Commonwealth have "often stated that speculation and supposition are insufficient to justify a submission of a case to the jury, and that the question should be taken from the jury when the evidence is so

unsatisfactory as to require a resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (internal quotation marks and citation omitted).

In addition, we agree with Judge Holderfield's argument that WFCR 707B, the mediation rule cited above, is not a "law, statute, executive order, administrative regulation, mandate, rule, or ordinance" or related to "mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety" as required to be a KWA violation. KRS 61.102(1). WFCR 707B allows the Mediation Review Committee to determine who is qualified to be a mediator in Warren Family Court and then make recommendations to the judges. It does not have any requirement that the judges follow those recommendations in any sort of order or, for that matter, follow the recommendations at all. The trial court made no error on this issue.

Finally, we address Appellant's claim that Judge Holderfield continued to use Janet Carter-Martin to perform substance abuse assessments even though she was not qualified. Appellant received a phone call from Ms. Carter-Martin's former business partner claiming Ms. Carter-Martin was not qualified to perform substance abuse assessments. Appellant sent an email to Judge Holderfield and another family court judge of this information. The other judge informed Appellant to stop making referrals to Ms. Carter-Martin; however, Judge Holderfield continued to utilize Ms. Carter-Martin's services.

The trial court found that this was simply a disagreement about Ms. Carter-Martin's qualifications and not a protected disclosure. We agree. After reviewing the record in this case, along with the depositions given by the parties and the witnesses, we conclude there was no protected disclosure here. Appellant informed Judge Holderfield and another judge that she believed Ms. Carter-Martin was not qualified to provide substance abuse assessments. Judge Holderfield believed otherwise and continued using Ms. Carter-Martin's services. Appellant cites to no evidence in the record, and we could find none, that she then informed the other judge, or anyone else, that Judge Holderfield was continuing to utilize an unqualified substance abuse assessment provider.

This appears to be a disagreement over whether Ms. Carter-Martin was qualified to perform drug abuse assessments. "[D]isagreements with supervisors over job-related activities are commonplace and do not constitute whistleblowing." *Moss v. Kentucky State University*, 465 S.W.3d 457, 460 (Ky. App. 2014) (citation omitted). Without some affirmative evidence that Appellant informed another authority that she believed Judge Holderfield was knowingly using an unqualified assessor, summary judgment was properly granted as to this issue. *See Godman v. City of Fort Wright*, 234 S.W.3d 362, 370 (Ky. App. 2007).

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in granting summary judgment in favor of Appellees.


ALL CONCUR.


BRIEF FOR APPELLANT:

Thomas E. Clay
Louisville, Kentucky

Dixie R. Satterfield
Harlan E. Judd, III
Bowling Green, Kentucky

BRIEF FOR APPELLEE
ADMINISTRATIVE OFFICE OF
THE COURTS:

Melissa Norman Bork
Brent R. Baughman
Louisville, Kentucky

BRIEF FOR APPELLEE JUDGE
CATHERINE RICE HOLDERFIELD:

Matthew F. Kuhn
Marc Manley
Alexander Y. Magera
Frankfort, Kentucky