RENDERED: AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1010-MR

NICOLE EVERSOLE                                                            APPELLANT

v.
APPEAL FROM BOONE CIRCUIT COURT
HONORABLE JAMES SCHRAND, JUDGE
ACTION NO. 23-CI-00063

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                                            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ECKERLE, A. JONES, AND TAYLOR, JUDGES.

ECKERLE, JUDGE: Appellant, Nicole Eversole ("Eversole") appeals an order

dismissing her whistleblower allegation for failure to state a claim upon which

relief may be granted. We hold that Eversole has sufficiently pled allegations to

survive a motion to dismiss. Hence, we reverse and remand for additional proceedings.

## BACKGROUND

Eversole worked as a social worker with the Cabinet for Health and Family Services ("Cabinet") in Gallatin County, Kentucky, in the Cabinet's Northern Bluegrass Region. She had served the Cabinet for approximately 13 years and was "chief" in Gallatin County. Eversole claimed that she had been awarded exemplary performance reviews for many years.

Eversole lived with a man ("Father"), who had an active case with the Cabinet involving his daughter with another woman. As a part of his household, Eversole and her children were considered part of Father's case, and Eversole's children's information was part of the case as well. Eversole claimed that Father was informed "over the 4th of July weekend" in 2022 that he had lost custody of his daughter and that a removal hearing had been scheduled. In response, Father asked Eversole to access his confidential case in the Cabinet's system with his permission. She complied, found the date, time, and location of the next court date, which was in Bracken District Court in the emergency Dependency, Neglect, and Abuse case, the very next day. She passed this information, as well as the name of the social worker, along to Father. Believing that she had unearthed violations of Father's rights, Eversole decided to testify at the removal hearing on

July 5, 2022, regarding alleged failures of the Cabinet to follow the law. At that hearing, she testified that her actions were consistent with Cabinet procedures.

Eversole testified that the Cabinet violated Father's constitutional rights by failing to notify him that his child had reportedly been exposed to a pedophile living in the home with Father's estranged, drug-addicted wife. Eversole also averred that the Cabinet filed other petitions against Father, in May and June of 2022, causing him to lose temporary custody of his child. Following Eversole's July 5, 2022, testimony, the Trial Court restored Father's custodial rights and struck him as the alleged perpetrator of any abuse or neglect.

Eversole claims that the Cabinet's Regional Administrator for Bracken County subsequently complained about Eversole's testimony. At a meeting to address those concerns, Eversole claims she submitted numerous, alleged violations committed by Bracken County Cabinet employees, including violations of state laws and regulations, fraud and abuses of power, and violations of Father's constitutional rights. The Cabinet's management investigated Eversole's access to Father's file in the Cabinet computer system and informed Eversole that the Cabinet would be giving her a Major Disciplinary Action. Eversole was then suspended without pay for three days for the stated reason of accessing Father's file via the computer, and she was ordered to undergo necessary training.

Eversole then filed a Complaint in Boone Circuit Court alleging a cause of action under the Kentucky Whistleblower Act, Kentucky Revised Statutes ("KRS") Chapter 61 (the "Whistleblower Act"). Her Complaint raised a single count – reprisal for making a protected report. Eversole complained that all of the Cabinet's actions after her testimony were retaliatory and thus violated KRS 61.102.

In response, the Cabinet filed a motion to dismiss under Kentucky Rule of Civil Procedure ("CR") 12.02(f), alleging that the Complaint failed to state a claim upon which relief may be granted because the facts as alleged did not allege a violation of the Whistleblower Act. Specifically, the Cabinet argued that it had followed all statutes and regulations, and Eversole's allegation is merely a disagreement with the statutory and regulatory scheme, which is not a cognizable cause of action under the Whistleblower Act. The Cabinet also argued that none of the allegations concerned private information; thus, Eversole's disclosure was not covered by the Whistleblower Act.

The Trial Court agreed with the Cabinet and dismissed the case. Eversole filed a motion to alter, amend, or vacate, which the Trial Court also denied. Eversole then timely appealed.

## ANALYSIS

On appeal, Eversole claims that the Trial Court erred by granting the motion to dismiss. "A motion to dismiss for failure to state a claim upon which relief may be granted 'admits as true the material facts of the complaint.'" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (quoting *Upchurch v. Clinton County*, 330 S.W.2d 428, 429-30 (Ky. 1959)). "The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of h[er] claim." *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977) (citing Clay, Ky. Prac., 3rd Ed., Civil Rule 12.02, Comment 9, n.17). No factual determinations are made by the Trial Court at this stage. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). "[T]he court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *Id*. Because the issue is a pure question of law, our appellate review of the Trial Court's order is *de novo*. *Fox*, 317 S.W.3d at 7.

KRS 61.102(1) prohibits covered employers from reprisal against covered employees who in good faith disclose "any facts or information relative to an actual or suspected violation of any law, statute, [or] . . . administrative regulation[.]" This statute requires an employee to establish four elements to sustain her cause:

-5-

(1) the employer is an officer of the state;

(2) the employee is employed by the state;

(3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and

(4) the employer took action or threatened to take action to discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Moss v. Kentucky State University*, 465 S.W.3d 457, 459-60 (Ky. App. 2014) (quoting *Davidson v. Commonwealth of Kentucky, Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. App. 2004)).

Here, the Cabinet argues that Eversole does not meet the third prong of this test. Additionally, the Cabinet claims that Eversole's Complaint is based on publicly-available information, which removes her allegations from the Whistleblower Act's protections. To support its arguments, the Cabinet points to *Davidson v. Commonwealth, Dep't of Military Affairs*, 152 S.W.3d 247 (Ky. App. 2004) (holding that no whistleblower claim was viable where the report or disclosure only concerned information already known); and *Helbig v. City of Bowling Green*, 371 S.W.3d 740 (Ky. App. 2011) (holding that no whistleblower claim was viable where the report or disclosure concerned an allegedly illegal policy and a statute, both of which were already publicly-available information).

Regarding the alleged violations, the Cabinet claims that it followed all requisite notice requirements when instituting the temporary removal proceedings. The Cabinet argues that none of the applicable statutes and regulations required it to notify Father, whom it deems an absent parent, about the emergency custody order or temporary removal hearing. *See* KRS 620.060-620.080. The Cabinet specifically states:

> The only law that places a burden on [the Cabinet] to notify an absent parent is 922 KAR[1] 1:140 Section 3(3), which requires [the Cabinet] to perform an absent parent search within 30 days of the child entering custody of the cabinet.

Appellee's Brief at 5. Moreover, the Cabinet avers that the hearing was an emergency due to the alleged behavior of the mother of the child, which required immediate removal from her custody regardless of the status of the non-custodial father.

Eversole responds that, at this early dismissal stage where the Cabinet has not yet filed an Answer, the Trial Court did not afford her Complaint proper deference and construction. Eversole points to her allegations that the Cabinet denied Father's constitutional rights, violated laws and regulations, and committed fraud and abuses of power. Eversole cites KRS 600.010, KRS 620.020(1), KRS

---

[1] Kentucky Administrative Regulations.

620.070, CR 4.01-4.05, and the Kentucky Family Court Rules of Practice and Procedure ("FCRPP") 17, as potential sources of her due process claim, noting that all of these statutes and rules require protections, including some form of notice to parents. Eversole notes that the petitions filed in Father's child's case never listed an address for Father, even though he was having regular contact and visitation with his child. The Cabinet seemingly agrees that Father was never noticed about any of the proceedings.

We have reviewed the regulations, statutes, and rules cited by both parties, and we hold that Eversole's Complaint does sufficiently allege at least a suspected violation of Father's due process right to be notified. And we are further convinced that it was premature to grant CR 12.02(f) relief at this juncture because it would appear the Cabinet failed to comply with the Bracken District Court Rules, which neither party cites, that requires:

**502. Petitions**

Any petition filed with this Court shall comply with the following conditions:

. . .

B. Full information concerning the child's parents and their address(es). The petitioner shall make diligent efforts to locate the child's parents, including but not limited to initiating contact with the Child Support Division of the appropriate County Attorney's Office.

**503. The Effects of Service on Only One Parent/Persons Exercising Custodial Control or Supervision**

The judge may permit the Temporary Removal Hearing or the adjudicatory hearing to go forward when the non-custodial parent has not been served in accordance with FCRPP 18(1)[2] if it is established on the record that petitioner has made diligent efforts to serve all other parties, including initiating contact with the Child Support Division of the County Attorney's Office, in an attempt to locate any absent parent. The petitioner shall make continuing diligent efforts after the hearing to locate and notify all persons who were not served.

Pursuant to at least this local rule, it would appear that if the allegations in Eversole's Complaint are considered true, as required at this early stage of the litigation, then Eversole has sufficiently pled a cause of action to survive CR 12.02(f) dismissal. *See* Kentucky Supreme Court Rule 1.040(3)(a)

---

[2] That Rule requires:

> (1) Any request for an emergency custody order in a dependency, neglect or abuse case shall be in writing and shall be accompanied by an affidavit for emergency custody order which contains the contents of the official AOC form, AOC-DNA-2.1 (Affidavit for Emergency Custody Order), and which alleges dependency, or abuse or neglect. The affidavit shall be presented to the judge with any other documentation presented at the time of the filing of the request. The official AOC form may be utilized for compliance with this rule.

The AOC-DNA-2.1 Emergency custody Order Affidavit requires the affiant to list the juvenile's legal mother and legal father separately, including listing their addresses, e-mails, phone numbers, social security numbers, dates of birth, names of others living in their homes, and indications of whether they are legal custodians or not.

(local rules are of "binding effect" once in writing, approved by the Chief Justice, and filed with the Supreme Court Clerk).

"The purpose of the Kentucky Whistleblower Act 'is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information.'" *Administrative Office of Courts v. Miller*, 468 S.W.3d 323, 330 (Ky. 2015) (quoting *Workforce Development Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008)). Here, the material facts as pled in Eversole's Complaint are that Eversole discovered allegedly concealed, confidential, and not-publicly-known wrongdoing by the Cabinet as it relates to alleged contravention of Father's constitutional rights; violations of local and state rules, laws, and regulations; as well as fraud and abuses of power; all pertaining to the Cabinet's alleged failure to notify Father of the emergency or temporary proceedings. Eversole's Complaint specifically and materially alleges that the Cabinet filed multiple petitions regarding Father's child and, despite Father having regular contact and parenting time with his child prior to the filing of the petitions, the Cabinet made "no attempts . . . to inform him of the actions or the circumstances regarding his child." Furthermore, the Complaint alleges that Father was not notified of the date, time, or location of the temporary removal hearing. At minimum, it would appear facially that Eversole pled a violation of Father's due process rights under the Bracken District Court

Rules. *Gaines v. Nichols*, No. 2011-CA-000413-MR, 2011 WL 6260365 (Ky. App. Dec. 16, 2011) (finding due process violation when Jefferson Circuit Court Rule 401 was not followed).

Regarding the Cabinet's other argument, that Eversole's allegation concerns only public information, we likewise hold that the Cabinet's summary statement does not support granting CR 12.02(f) relief. Eversole's allegation is not just a disagreement with statutes and regulations. Her claim is that in a confidential – not public – case, the Cabinet's employees violated Father's due process rights by, at minimum, failing to include his known address on the petitions filed in Father's child's case and failing to notify Father about the emergency or temporary proceedings, some of which involved the abuse of his child while not in his custody. Eversole's whistleblower claim stems from the reprisal she directly suffered from disclosing these alleged violations – violations she only discovered by reviewing confidential information in a confidential case (albeit by allegedly improper access).[3] Logically, this case cannot be both confidential and public. But, more important, Eversole's claim is that the Cabinet reprimanded her for testifying about her disclosure of confidential information to

---

[3] Whether Eversole was in fact disciplined for unauthorized access of the Cabinet's computer system or for blowing the whistle on the Cabinet's improper conduct is not before this Court, and any factual dispute is not the proper subject of a motion for dismissal under the law.

-11-

Father because the Cabinet had not given Father the non-public information. Had the information been public, Father would not have needed Eversole to access the confidential information. Thus, the facts as pled are sufficient to survive a motion under CR 12.02(f). Some discovery is warranted here.

Furthermore, *Helbig* and *Davidson*'s prohibition against whistleblower claims that allege only publicly-known allegations of wrongdoing is inapplicable here because the allegations *sub judice* relate to concealed and not publicly-available information in confidential proceedings. *See also Miller*, 468 S.W.3d at 331 ("[W]e hold as a matter of law that Miller's whistleblower claim fails for at least the lack of disclosure of concealed or non-public information.").

We reiterate that the bar is high for a Trial Court to grant a defensive motion for relief under CR 12.02(f). The Trial Court must:

> consider as true the material facts alleged in the complaint and grant that motion only if satisfied that the plaintiff would not be entitled to relief under any set of facts that could be proved in support of the claim.

*Barnett v. Central Kentucky Hauling, LLC*, 617 S.W.3d 339, 341 (Ky. 2021). Under the CR 12.02(f) standards, Eversole's Complaint sufficiently alleges material facts under which she may be entitled to relief. *Barnett*, *supra*. We caution, though, that our decision is solely limited to whether sufficient material facts were pled to survive dismissal, not whether Eversole's claim is ultimately meritorious or can even survive summary judgment, which is a different standard.

-12-

Thus, on remand our Opinion should not be construed as affording any merit or weight to either side on the substantive claim.

## CONCLUSION

Eversole's Complaint on its face sufficiently pleads material facts which, if proven, may lead to an actionable whistleblower claim. Accordingly, the Trial Court erred by granting the Cabinet's CR 12.02(f) motion to dismiss at the early stage of the litigation before any discovery. The dismissal is reversed, and the case is remanded to the Trial Court for additional proceedings.


ALL CONCUR.


BRIEF FOR APPELLANT:

Kelly Sensel Wiley
Covington, Kentucky

BRIEF FOR APPELLEE:

Blake A. Vogt
Lucas Roberts
Frankfort, Kentucky